UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| USA | Case No. 2:25–cr–00211–FLA |
| Plaintiff(s), | |
| v. | **STANDING ORDER** |
| EUGENE HENLEY, JR. , et al. | |
| Defendant(s). | |

## <u>CONTENTS</u>

**I.    INTRODUCTION**.................................................................................**3**

**II.   GENERAL REQUIREMENTS**............................................................**3**
    A.  Filings................................................................................................3
        1.  Formatting...............................................................................3
        2.  Warning re: Filing Under Seal................................................4
    B.  Chambers Courtesy Copies................................................................5
    C.  Calendar Conflicts.............................................................................5
    D.  Attorney of Record at Hearings.........................................................5

**III.  PRE-TRIAL PROCEDURES**..............................................................**6**
    A.  Continuances......................................................................................6
    B.  Motions..............................................................................................7
    C.  *Ex Parte* Applications.......................................................................8
    D.  Motions *in Limine*............................................................................9
    E.  Notice and Discovery.......................................................................10
    F.  Bail Review......................................................................................10

**IV.  TRIAL PROCEDURES**.....................................................................**11**
    A.  Final Pretrial Conference Requirements..........................................11
        1.  Trial Memorandum................................................................11
        2.  Witness Lists.........................................................................12
        3.  Exhibit Lists.........................................................................12
        4.  Case-Specific Glossary.........................................................12
        5.  Jury Instructions...................................................................12

    B.  Trial Requirements...........................................................................14
        1.   Timing of Government Materials.........................................15
        2.   Timing of Defense Materials...............................................15
        3.   Trial Exhibit ........................................................................15

**IV.  CONDUCT OF ATTORNEYS AND PARTIES**...............................**17**
    A.  Meeting and Conferring Throughout Trial.......................................17
    B.  Opening Statements, Witness Examinations, and Summation...........17
    C.  Objections to Questions...................................................................18
    D.  General Decorum While in Session..................................................18
    E.  Promptness.......................................................................................19
    F.  Exhibits............................................................................................20

**VI.  SENTENCING**.................................................................................**21**

## I.    INTRODUCTION

This action has been assigned to the calendar of United States District Judge Fernando L. Aenlle-Rocha. Both the court and the parties' counsel bear responsibility for the progress of this action. To ensure the just determination of this action, "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," Fed. R. Crim. P. 2, all parties or their counsel, including *pro se* defendants,[1] are ordered to be familiar with the Federal Rules of Criminal Procedure, the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), the applicable Local Civil Rules of the Central District of California ("Local Civil Rules"),[2] and this court's standing orders, online procedures, and schedules.

Unless the court orders otherwise, the following rules shall apply.

## II.    GENERAL REQUIREMENTS

### A.    Filings

#### 1.    Formatting

The captioned title of every filing shall contain:

a.    the name of the first-listed defendant as well as the name(s) and number(s) (in the order listed in the Indictment) of the particular defendant(s) to whom the filing applies, unless the document applies to all defendants;

b.    the individual defendant's registration number when applicable to the relief requested (*e.g.*, requests for transfer, medical requests); and

/ / /

---

[1]  Parties appearing *pro se* must comply with the Federal Rules of Civil Procedure and the Local Rules. Local Civil Rules 1-3 and 83-2.2.3.

[2]  "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1.

1          c.    the milestone dates for Indictment, Final Pretrial Conference,

2                Trial, and Last Day of the speedy trial period.

3          All parties shall docket items only as to the particular defendant(s) to whom

4    the item pertains, rather than all defendants, unless the item pertains to all.

5    Except for documents filed under seal or *in camera*, every document shall be filed

6    electronically in such a way that it is clear from the docketing entry to which

7    defendant(s) it applies. The outer envelope containing any document filed under

8    seal or *in camera* should identify the case title by the first-listed defendant and

9    case number only, and should state that the document is being filed under seal or

10   *in camera*.

11         Pursuant to Local Civil Rule 11-3.1.1, either a proportionally spaced or

12   monospaced face may be used. Typeface shall comply with Local Civil Rule 11-

13   3.1.1. Times New Roman font must be no less than fourteen (14) point, and Courier

14   font must be no less than twelve (12) point. Footnotes shall be in the same font and

15   the same size as the text in the body of the document.

16         Counsel must follow the Central District's Local Rules and General Orders

17   concerning electronic filing, unless superseded by this Order. Counsel shall adhere

18   to Local Civil Rule 5-4.3 with respect to the conversion of all documents to .pdf so

19   that when a document is e-filed, it is in the proper size and is .pdf searchable.

20   Further, all documents shall be filed in a format so that text can be selected, copied,

21   and pasted directly from the document. *See* Local Civil Rule 5-4.3.1.

22              **2.    Warning re: Filing Under Seal**

23        Parties should pay close attention to the title in the caption of every

24   document submitted to the court for filing under seal. The title of the document

25   will become part of the public docket text when it is entered on the docket, even

26   though the document itself will be sealed. If the title of the document contains

27   confidential information that should not be reflected on the public docket,

28   parties must submit the document with two cover sheets. The first cover

sheet must contain a generic title (*e.g.*, "SEALED APPLICATION," "SEALED MOTION," "SEALED PROPOSED ORDER," or "SEALED DOCUMENT"), rather than the actual title of the document. The second cover sheet must contain the full, unredacted title of the document. Docket entries for documents filed under seal will include only the generic title. All documents pertaining to the notice of manual filing must be emailed to the chambers email address: FLA_Chambers@cacd.uscourts.gov. Additional information is available at: https://www.cacd.uscourts.gov/court-procedures/filing-procedures/criminal-filing-procedures.

### B.    CHAMBERS COURTESY COPIES

The processing of unnecessary chambers copies wastes resources and burdens the court. Chambers copies should <u>not</u> be submitted unless requested. This order, however, is not intended to affect the parties' ability to file and lodge documents and materials that are exempt from electronic filing under Local Criminal Rule 49-1.2.

The court refers the parties to the trial requirements listed below for details regarding mandatory chambers copies of trial exhibits.

### C.    CALENDAR CONFLICTS

If any counsel discovers a calendar conflict with a scheduled appearance in a court of a more senior district judge, counsel must inform opposing counsel and the Courtroom Deputy Clerk via chambers email address at: FLAChambers@cacd.uscourts.gov as soon as possible and not later than three (3) business days before the scheduled appearance. Counsel should attempt to agree on a new date to accommodate the calendar conflict. Counsel must propose a new date by Stipulation and [Proposed] Order.

### D.    Attorney of Record at Hearings

The court requires an attorney of record to appear at all hearings, and will not permit others to stand in on his or her behalf. If an attorney of record cannot appear

at a scheduled hearing due to unforeseen circumstances, the parties should follow the procedure outlined above as soon as the conflict arises.

## III.    PRE-TRIAL PROCEDURES

### A.    Continuances

Requests for continuances of pretrial and trial dates must be by motion, stipulation, or application. <u>All requests must contain wet signatures by both the defendant(s) and counsel</u>. Each request must include a detailed factual showing of good cause and due diligence demonstrating the necessity for the continuance, stating whether any previous requests for continuances have been made and whether these requests were granted or denied by the court. The court will not grant requests to continue pretrial and trial dates absent the detailed showing. General statements are insufficient to establish good cause.

To the extent the request to continue dates is joint, it should state clearly that the government and defendant(s) agree. To the extent the action is complex, one or more parties require additional time to prepare for trial, or other circumstances apply necessitating a continuance, the request should so state and describe in detail. A list of counsel's upcoming scheduled trials in other actions will not support a showing of good cause absent the following information regarding each such action listed: (1) the case name, case number, court where the action is pending, and the initials of the district judge or name of the state court judge assigned to the action; (2) the age of the action; (3) the nature of the offense(s) charged and complexity of the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the number of continuances previously granted; (7) the parties' trial readiness; (8) the estimated likelihood a future continuance will be requested; and (9) the likelihood the trial will proceed on the scheduled date.

Counsel shall file requests for continuance of trial at least one (1) week prior to the Final Pretrial Conference. A request to continue dates that have already expired constitutes a presumptive lack of due diligence. Requests extending dates

1    set by the court are not effective unless approved by the court.

2        **B.    Motions**

3        Motions shall be filed in accordance with Fed. R. Crim. P. 47 and Local

4    Criminal Rule 49, *et seq*., unless superseded by this Order. Counsel must meet and

5    confer with opposing counsel "to discuss thoroughly ... the substance of the

6    contemplated motion and any potential resolution" thereof. Local Criminal Rule

7    57-1; Local Civil Rule 7-3. Counsel shall discuss the issues to a sufficient degree

8    that if a motion is still necessary, the briefing may be directed to those substantive

9    issues requiring resolution by the court.

10        Pretrial motions that require an evidentiary hearing shall be noticed for a non-

11    Friday that is mutually agreed to by counsel and that is cleared with the Courtroom

12    Deputy Clerk before the filing of the motion. For all motions other than motions *in*

13    *limine*, the briefing schedule is as follows:

14        •    motions shall be filed five (5) weeks prior to the hearing;

15        •    oppositions or notices of non-opposition shall be filed three (3) weeks

16            prior to the hearing; and

17        •    replies, if any, shall be filed two (2) weeks prior to the hearing.

18    All motions must be properly noticed for hearing no later than the date of the Final

19    Pretrial Conference.

20        The parties should not calendar a matter on a Friday that is a court holiday. If

21    this occurs, the court will re-calendar the matter for another Friday. The parties

22    must adhere to the briefing schedule set forth herein to afford the court adequate

23    time to prepare for the hearing; however, the parties may stipulate to an alternate

24    briefing schedule contingent upon approval by the court. Failure to comply with

25    these deadlines may result in the court declining to consider the untimely

26    memorandum or other document. Local Criminal Rule 57-1; Local Civil Rule

27    7-12.

28    / / /

1   Memoranda of points and authorities in support of or in opposition to motions

2   (besides motions *in limine*) shall not exceed 7,000 words. *See* Local Rule 11-6.1. A

3   handwritten brief or a brief prepared using a typewriter may not exceed 25 pages,

4   excluding the caption (if on a separate cover page), the table of contents, the table

5   of authorities, the signature block, and any indices and exhibits. All submitted

6   briefs must be accompanied by a Certificate of Compliance as set forth in Local

7   Civil Rule 11-6.2. Replies shall not exceed 4,200 words or fifteen (15) pages for

8   handwritten briefs and briefs prepared using a typewriter. Only in rare instances

9   and for good cause shown will the court grant an application to extend these word

10   and page limitations. No supplemental brief shall be filed without prior leave of

11   leave of court.

12   **C.    *Ex Parte* Applications**

13   *Ex parte* applications are disfavored. The court considers *ex parte* applications

14   on the papers and does not usually set these matters for hearing. If a hearing is

15   necessary, the parties will be notified. *Ex parte* applications are solely for

16   extraordinary relief and should be used with discretion. Sanctions may be imposed

17   for misuse of *ex parte* applications. *See Mission Power Eng'g Co. v. Cont'l Cas.*

18   *Co.,* 883 F. Supp. 488 (C.D. Cal. 1995).

19   *Ex parte* applications that fail to conform to Local Civil Rules 7-19 and 7-19.1,

20   including a statement of opposing counsel's position, will not be considered

21   except upon a specific showing of good cause. The moving party shall serve the

22   opposing party electronically, if possible. A party is considered served once the

23   *ex parte* application has been e-filed. All parties registered for electronic service

24   are sent a notification of ECF filing each time a document is e-filed with a link

25   to the document for one free view. Defendants exempt from electronic service

26   must be served the *ex parte* application by facsimile or personal service. *See*

27   Local Criminal Rules 49-1.2, 49-1.3.2(b); Local Civil Rule 5-3.

28   / / /

1   Following service of the *ex parte* application by electronic, facsimile,

2   or personal service, the moving party shall notify the opposing party that any

3   opposition must be filed no later than twenty-four (24) hours following service.

4   Counsel will be notified by ECF of the court's ruling. If a party does not intend to

5   oppose an *ex parte* application, counsel must promptly inform the Courtroom

6   Deputy Clerk.

7   *Ex parte* applications to allow defendants to travel should be made well in

8   advance of the proposed date of travel. Counsel should state whether the Pretrial

9   Services Officer has approved the travel. Applications by defendants with

10  appointed counsel must indicate who will pay for the travel and related expenses.

11  If these expenses are not to be paid by the defendant's employer, the court may

12  require declarations under penalty of perjury from the persons paying the expenses.

13  **D.    Motions *in Limine***

14  Motions *in limine* fall outside the scope of Fed. R. Crim. P. 12 and address

15  only the admission or exclusion of evidence at trial. Motions *in limine* will

16  generally be heard and ruled upon at the Final Pretrial Conference. The court may

17  rule orally instead of in writing. Each side is limited to five (5) motions *in limine*

18  unless the court grants leave to file additional motions.

19  All motions *in limine* must be filed at least twenty-eight (28) days before the

20  Final Pretrial Conference. Oppositions must be filed at least fourteen (14) days

21  before the Final Pretrial Conference. There shall be no replies. Motions *in limine*

22  and oppositions must not exceed 2,800 words in length, or ten (10) pages for

23  handwritten briefs and briefs prepared using a typewriter.

24  Before filing a motion *in limine*, the parties must meet and confer to

25  determine whether the opposing party intends to introduce the disputed evidence

26  and attempt to reach an agreement that would obviate the need for the motion.

27  Motions *in limine* should address specific issues (*e.g*., not "to exclude all

28  hearsay"). The court may strike without further notice excessive, unvetted or

1    untimely motions *in limine*.

2    ### E.    Notice and Discovery

3    Counsel shall comply with all notice and discovery obligations set forth in

4    Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 12.4, 15, and 16. The government shall

5    promptly produce to counsel for the defendant any evidence falling within the

6    scope of Fed. R. Crim. P. 16(a) *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio*

7    *v. United States*, 405 U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53

8    (1957), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Defense

9    counsel shall comply with its reciprocal discovery obligations pursuant to Fed. R.

10   Crim. P. 16(b) and promptly produce such materials.

11   The parties shall make expert witness disclosures in accordance with Fed. R.

12   Crim. P. 16(a)(1)(G) and (b)(1)(C) at least thirty-five (35) days before the Final

13   Pretrial Conference.

14   The parties are encouraged to produce witness statements pursuant to

15   18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 sufficiently in advance of trial or other

16   proceeding to avoid delays. A violation by any party of this order, or by the

17   government in connection with its obligations under *Brady, Giglio, Roviaro*, or

18   *Henthorn*, may lead to a finding of contempt, imposition of sanctions, referral to a

19   disciplinary authority, adverse jury instructions, exclusion of evidence, or dismissal

20   of charges.

21   Counsel shall meet and confer to resolve discovery disputes informally prior

22   to filing a motion to compel discovery. All discovery motions shall state with

23   particularity what is requested, the basis for the request, whether the discovery at

24   issue has been requested, and opposing counsel's response to such request. The

25   court may decline to hear discovery motions made without prior consultation

26   with opposing counsel.

27   ### F.    Bail Review

28   Any request for bail review based on changed circumstances or information

not previously presented to the Magistrate Judge shall be addressed in the first instance to the Magistrate Judge and shall be served on both opposing counsel and the United States Probation and Pretrial Services Office.

## IV.    TRIAL PROCEDURES

### A.    Final Pretrial Conference Requirements

No later than one (1) week before the Final Pretrial Conference, the government shall file the following pretrial documents:

- A trial memorandum;
- A witness list;
- An exhibit list;
- A case-specific glossary for the Courtroom Deputy Clerk;
- Joint jury instructions in the form described below;
- A joint proposed verdict form; and
- Proposed *voir dire* questions, if any.

The government shall email copies of: (1) its witness list, (2) its exhibit list, (3) the joint jury instructions, (4) the joint proposed verdict form, and (5) proposed *voir dire* questions, including any amended documents, in Microsoft Word format to chambers at: FLA_Chambers@cacd.uscourts.gov, no later than one (1) week before the Final Pretrial Conference.

### 1.    Trial Memorandum

The government's trial memorandum shall set forth: (i) a factual summary of the government's case-in-chief; (ii) a statement of the charges and the elements of each charge; (iii) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and (iv) a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. The government shall specify, after a meet and confer, whether the parties agree or disagree on matters (i) through (iv).

/ / /

### 2. Witness Lists

Witness lists must identify all potential witnesses, and must be in the format specified in Local Civil Rule 16-5. The lists must include for each witness: (i) a brief description of the testimony; (ii) the reasons the testimony is unique and not redundant; and (iii) a time estimate in hours for direct and cross-examination. The parties should use the template posted to Judge Aenlle-Rocha's webpage. Any Amended Witness List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to FLA_Chambers@cacd.uscourts.gov in Microsoft Word format.

### 3. Exhibit Lists

Exhibit Lists must: (1) be in the format specified in Local Civil Rule 16-6; (2) include an additional column stating any objections to authenticity and/or admissibility; and (3) state the reasons for the objections. The parties should use the template posted to Judge Aenlle-Rocha's webpage. Exhibits shall be numbered sequentially 1, 2, 3, *etc*., not 1.1, 1.2, 1.3, *etc*. *See* Local Civil Rule 16-6. The list should include defense exhibits to the extent the defense does not object to disclosure. Any Amended Exhibit List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to FLA_Chambers@cacd.uscourts.gov in Microsoft Word format.

### 4. Case-Specific Glossary

The parties must provide a case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

### 5. Jury Instructions

The parties shall file clean and redline sets of their (1) Joint Agreed Upon Proposed Jury Instructions, and (2) Disputed Jury Instructions. The redline sets

1  shall include all modifications made by the parties to pattern or model jury

2  instructions, any disputed language, and the factual or legal basis for each party's

3  position as to each disputed instruction.

4    <u>Sources</u>: When possible, all instructions should be taken from the *Manual*

5  *of Model Criminal Jury Instructions for the Ninth Circuit* (West Publishing Co.,

6  current edition). Where no applicable Ninth Circuit model instruction is available,

7  counsel should consult the instructions from O'Malley, Grenig & Lee (formerly

8  Devitt, *et al*.), *Federal Jury Practice and Instructions* (West Publishing Co.,

9  current edition). When submitting other than Ninth Circuit model instructions,

10  counsel should ensure the law on which the instruction is based is consistent with

11  Ninth Circuit case law on the subject. Counsel may submit alternatives to the

12  Ninth Circuit model jury instructions or O'Malley, Grenig & Lee instructions only

13  if counsel has a reasoned argument that those instructions do not properly state

14  the law or are incomplete. The court seldom gives instructions derived solely

15  from case law.

16    <u>Format</u>: Each requested instruction shall (1) cite the authority or source of

17  the instruction, (2) be set forth in full, (3) be on a separate page, (4) be numbered,

18  (5) cover only one subject or principle of law, and (6) not repeat principles of law

19  contained in any other requested instruction. Jury instructions should be modified

20  as necessary to fit the facts of the case (*e.g*., inserting names of defendant(s) or

21  witness(es) to whom an instruction applies). Where language appears in brackets

22  in the model instruction, counsel shall select the appropriate text and eliminate

23  the inapplicable bracketed text.

24    For any disputed instruction, the opponent shall state on a separate page

25  following the disputed instruction: (a) the basis for the objection; (b) authority

26  supporting the objection; and (c) an alternative instruction (if applicable). On the

27  following page, the proponent shall briefly respond to the objection with supporting

28  authority. Where appropriate, the disputed instructions shall be organized by

1    subject, so that instructions that address the same or similar issues are presented

2    sequentially. If there are excessive or frivolous disagreements over jury

3    instructions, the court will order the parties to meet and confer immediately until

4    they substantially narrow their disagreements.

5           Index: All proposed jury instructions must have a consecutively numbered

6    joint index that lists the instructions in the order they will be given. Disputed

7    instructions should be included in the index. The court will renumber the jury

8    instructions once they are finalized. The joint index should include the following

9    for each instruction, as illustrated in the example below:

10           • the number of the instruction;

11           • the title of the instruction;

12           • the source of the instruction and any relevant case citations; and

13           • the page number of the instruction.

14    *Example:*

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

17           Counsel also shall list the instructions in the order they will be given and

18    indicate whether the instructions shall be read before opening statement, during

19    trial, or before closing arguments.

20           Copies of the instructions will be given to the jury during deliberations.

21    Accordingly, counsel must email FLA_Chambers@cacd.uscourts.gov a "clean"

22    set of all instructions in Microsoft Word format, containing only the text of each

23    instruction, set forth in full on each page, with the caption "Court's Instruction

24    No. ____" (eliminating the title and source of the instruction, supporting

25    authority, *etc.*).

26    **B.**    **Trial Requirements**

27           Trial days are generally Monday through Thursday, from 8:15 a.m. through

28    2:30 p.m. On the first day of trial, the court will address initially preliminary

matters and call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Fridays are usually reserved for the court's calendar. In the event the court's calendar allows trial to proceed on Friday, the court will inform the parties during the Final Pretrial Conference. Once the trial concludes, the jury will be expected to deliberate Monday through Friday.

Any party requesting special court reporter services (*i.e.*, "RealTime" transmission, daily transcripts) shall notify the reporter at least two (2) weeks in advance.

### 1.    Timing of Government Materials

The government must present the following materials to the Courtroom Deputy Clerk before trial begins on the first day:

1.  Three (3) copies of the indictment/information;

2.  Three (3) copies of the government's witness list;

3.  Three (3) copies of the government's exhibit list; and

4.  All government exhibits in accordance with § IV.B.3 below.

### 2.    Timing of Defense Materials

Defense counsel shall provide the government and the Courtroom Deputy the defense witness list and exhibit list at the start of the defense case, at the latest. Defense counsel shall also simultaneously email FLA_Chambers@cacd.uscourts.gov a Microsoft Word version of the defense witness list and defense exhibit list. Defense exhibits shall be submitted at the same time in accordance with § IV.B.3 ("Trial Exhibits") below.

### 3.    Trial Exhibits

Trial exhibits that consist of documents and photographs must be submitted to the court in three-ring binders. The parties shall submit to the court three sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits.

1    The original set of exhibits shall be for use by the jury during its deliberations, and

2    the two copies are for the court. The parties should prepare additional copies of

3    exhibits for their own use and for use by witnesses. Before the admitted exhibits

4    will be given to the jury for deliberation, the parties must review the exhibit list

5    and exhibit binders with the Courtroom Deputy Clerk after closing arguments.

6         All exhibits placed in three-ring binders must be indexed by exhibit number

7    with tabs or dividers on the right side. Exhibits shall be numbered sequentially 1, 2,

8    3, *etc*., not 1.1, 1.2, *etc*. *See* Local Civil Rule 16-6. Every page of a multi-page

9    exhibit must be numbered. Defendant's exhibit numbers shall not duplicate the

10   government's numbers. The spine of each binder shall indicate the volume number

11   and the range of exhibit numbers included in the volume.

12        The original exhibits shall bear the official exhibit tags (yellow tags for

13   the government's exhibits and blue tags for defendant's exhibits) affixed to the

14   front upper right-hand corner of the exhibit, with the case number, case name,

15   and exhibit number stated on each tag. The copy of exhibits must bear copies

16   of the official exhibit tags that were placed on the original exhibits and be

17   indexed with tabs or dividers on the right side. Tags may be obtained from

18   the Clerk's Office, or the parties may print their own exhibit tags using Forms

19   G-14A and G-14B on the "Court Forms" section of the court's website at:

20   http://www.cacd.uscourts.gov/forms/exhibit–tags–plaintiff–g–14a–defendant–g–14b–

21   joint–g–14c.

22        The government must also submit to the court a USB flash drive containing

23   electronic versions of all exhibits before trial begins. Defense counsel must provide

24   a USB flash drive containing electronic versions of all exhibits at the start of the

25   defense case, at the latest. The document file names should include the exhibit

26   number and a brief description of the document, for example: "Ex. 1 - Smith

27   Declaration.pdf" or "Ex. 105 - Letter Dated 1-5-20.pdf."

28        The court provides audio/visual equipment for use during trial. The parties are

encouraged to use it. More information is available at:

http://www.cacd.uscourts.gov/clerk-services/courtroom-technology.

If any counsel wishes to arrange for the use of additional equipment, counsel shall contact (213) 894-3061 to verify and/or reserve demonstrative equipment and notify the Courtroom Deputy Clerk no later than 4:00 p.m. at least one (1) week before trial so that the necessary arrangements may be made.

The court does not permit exhibits to be "published" to the jurors before they are admitted into evidence. Once admitted, exhibits may be displayed electronically using the equipment and screens in the courtroom. Counsel shall not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made by the court.

Exhibits such as weapons and narcotics must remain in the custody of a law enforcement agent during the pendency of the trial. It shall be the responsibility of the agent to produce any such items for court, secure them at night, and guard them at all times while in the courtroom. The United States Marshals Service shall be advised well in advance if weapons or contraband are to be brought into the courthouse.

## V.   CONDUCT OF ATTORNEYS AND PARTIES

### A.   Meeting and Conferring Throughout Trial

The parties must continue to meet and confer on all issues that arise during trial. The court will not rule on any such issue unless the parties have first attempted to resolve it informally.

### B.   Opening Statements, Witness Examinations, and Summation

Counsel shall not discuss the law or argue the case in opening statements. Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the court will establish and enforce time limits for all phases of

trial, including opening statements, closing arguments, and the examination of witnesses.

### C.    Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection. If counsel desires to argue an objection further, counsel must seek permission from the court to do so at sidebar or outside the jury's presence.

### D.    General Decorum While in Session

1.    Counsel must not approach the Courtroom Deputy Clerk, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2.    Counsel must rise when addressing the court and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

3.    Counsel must address all remarks to the court. Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the court. Counsel must ask the court's permission to speak with opposing counsel.

4.    Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5.    Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable. Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the court in writing for approval. A proposed stipulation should be explained to the defendant in advance.

6.    Counsel must remain at counsel table throughout trial except to examine witnesses or as otherwise needed to present evidence. Counsel must not leave

counsel table to sit in the gallery or confer with any person in the back of the
courtroom without the court's permission.

7.   Counsel must not make facial expressions, nod, shake their heads,
comment, or otherwise exhibit in any way any agreement, disagreement, or other
opinion or belief concerning the testimony of a witness or argument by opposing
counsel. Counsel shall instruct their clients and witnesses not to engage in such
conduct.

8.   Counsel must never speak to jurors under any circumstance, and must
not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation
can be overheard by jurors. Counsel must instruct their clients and witnesses to
avoid such conduct.

9.   Where a party has more than one lawyer, only one attorney may
conduct the direct or cross-examination of a particular witness or make objections
as to that witness.

10.   Bottled water is permitted in the courtroom but may not be placed
on counsel table or the lectern. Food and other beverages are not permitted. Cell
phones must be silenced or may be confiscated.

**E.   Promptness**

1.   The court expects the parties, counsel, and witnesses to be prompt.
Once the parties and their counsel are engaged in trial, the trial must be their
priority. The court will not delay progress of the trial or inconvenience jurors.

2.   If a witness was on the stand at the time of a recess or adjournment,
the party that called the witness shall ensure the witness is back on the stand
and ready to proceed as soon as trial resumes.

3.   The parties must notify the Courtroom Deputy Clerk in advance if
any party, counsel, or witness requires a reasonable accommodation based on a
disability or other reason.

4.   No presenting party may be without witnesses. If a party's remaining

witnesses are not immediately available, thereby causing an unreasonable delay, the court may deem that party to have rested.

5.    The court generally will accommodate witnesses by permitting them to be called out of sequence. Counsel should meet and confer in advance and make every effort to resolve the matter.

**F.    Exhibits**

1.    No document shall be placed before a witness unless a copy has been provided to the court and opposing counsel.

2.    Once they are admitted in evidence, exhibits may be displayed to the jury using the monitors in the courtroom. The court ordinarily does not permit exhibits to be handed to the jury in the jury box. In the event an exhibit cannot be displayed properly via the monitors in the courtroom, counsel must secure approval by the court before handing an exhibit to the jury.

3.    Counsel must keep track of their exhibits and exhibit list, and record when each exhibit has been admitted into evidence.

4.    Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.

5.    Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

6.    Counsel must inform the Courtroom Deputy Clerk of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

7.    When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

8.    Counsel should not ask witnesses to draw charts or diagrams or ask the court's permission for a witness to do so. All demonstrative aids must be

1    prepared fully in advance of the day's trial session.

2    **VI.    SENTENCING**

3          <u>Original Sentencing.</u> Once set, the sentencing hearing shall not be

4    continued absent a showing of good cause. No later than fourteen (14) days

5    before the hearing, each party shall submit either a sentencing memorandum or a

6    written notice of intent not to file one. Absent leave of court based upon a showing

7    of good cause, the court does not permit submission or playing of sentencing

8    videos.

9          The court does not permit sentencing documents to be filed under seal

10   except as strictly necessary and justified. When necessary, a sentencing document

11   may be filed under seal along with a redacted version that deletes the confidential

12   information and that justifies each deletion (*e.g*., "medical information").

13         <u>Supervision Violation.</u>  Any material submitted for a hearing on an alleged

14   or adjudicated violation of supervision shall be filed, when possible, seven (7) days

15   before the hearing, and otherwise no later than two (2) court days, absent a

16   showing of good cause set forth in a supporting declaration and court approval.

17         IT IS SO ORDERED.

18

19   Dated:  April 8, 2025                    _____

20                                             FERNANDO L. AENLLE-ROCHA
                                               United States District Judge

21

22

23

24

25

26

27

28